C. D. DARSEY v. THE STATE.
No. 23934. Delivered March 17, 1948.
Rehearing Denied (Without Written Opinion) April 21, 1948.

*Charles L. Krueger*, of Austin, and *H. A. Cline*, of Wharton, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is a conviction for statutory rape; the punishment, ten years in the State penitentiary.

Prosecutrix was the fourteen-year-old stepdaughter of appellant. She and a sister and a brother resided with their mother and appellant. She and her sister slept in a room near the bedroom of appellant and his wife. Early on the morning of November 2, 1946, after the mother had gotten up and gone into the kitchen to prepare breakfast, appellant called the prosecutrix to come to his room. Upon arriving at his room, he told her to get in bed with him—after which he engaged in an act of sexual intercourse with her. While prosecutrix was in bed with appellant, it appears that the mother came into the room for her glasses. There is no proof that she saw the prosecutrix in bed with appellant. The same day the mother found evidence on the clothing of prosecutrix and asked her relative thereto. Prosecutrix then communicated to her what had happened.

The same day, the matter was reported to the county attorney and the sheriff, to whom prosecutrix made a statement.

According to the testimony of prosecutrix, appellant had been having intercourse with her for "quite a while." She explained her failure to make outcry was because she was afraid of appellant.

The sister testified, corroborating the testimony of prosecutrix, that appellant called prosecutrix to his room the morning the act of intercourse was alleged to have occurred.

There was testimony showing that during their marriage appellant and his wife did not get along well and, on more than one occasion, had separated, followed by reconciliation.

Upon these facts the conviction is predicated. Appellant did not testify.

Appellant attacks the sufficiency of the evidence to support the conviction. With this contention we cannot agree.

The testimony of the prosecutrix made a case under the law. It was the province of the jury to pass upon her credibility. We would not be authorized, under the facts here presented, to set aside their verdict.

No bills of exception appear in the record.

The judgment of the trial court is affirmed.

Opinion approved by the Court.